BRIDGET GRIFFIN,

                        Plaintiff,               1:05-cv-189

        v.

KMART CORPORATION,

                        Defendant,

        v.

SUNSHINE SHOPPING CENTER, INC.,

                Third Party Defendant.

_____

**TO:**   Lee J. Rohn, Esq.
        Wilfredo A. Geigel, Esq.

### ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant

Kmart to Respond to Plaintiff's Second Demand For Production Fo [sic] Documents

(Docket No. 96) and Plaintiff's Motion to Compel Defendant to Supplement Responses to

Discovery (Docket No. 98).  The time for filing a response has expired.

Having reviewed the said motions, the Court finds that Plaintiff has failed to adhere

to the requirements of LRCi 37.2.  Despite counsel's "Certification Pursuant to LRCi 37.1"

contained in each motion, neither conforms to the local rules. Parties, and particularly

counsel, are expected, indeed, required, to know and adhere to all the rules of procedure.

Moreover, the correct procedure is found in LRCi 37.2, not LRCi 37.1.

Plaintiff claims in both motions that a meet and confer has been held. In that

instance, Rule 37.2 states, "If counsel are unable to resolve all of their differences, they shall

formulate and sign a written stipulation to that effect, expressly certifying their compliance

with LRCi 37.1." LRCi 37.2(a).

In this matter, Plaintiff has not filed a stipulation in conformance with LRCI 37.2(a).

Rule 37.2(c) addresses this circumstance and specifically provides:

> The Court will not consider any discovery motion in the absence of (1) the
> signed stipulation and certification required by LRCi 37.2(a), or (2) a
> declaration from counsel for the moving party establishing that opposing
> counsel:
>
> > (1)    failed to confer in a timely manner after receipt of a letter
> > requesting a conference under LRCi 37.1; or
> >
> > (2)    refused to sign the stipulation and certification required by
> > LRCi 37.2(a).

LRCi 37.2(c).

Thus, in the absence of a stipulation and a declaration from counsel for Plaintiff

establishing the failure of opposing counsel to meet and confer after receiving a letter as

described in LRCi 37.1 or refusal to sign the stipulation, this Court will not consider

Plaintiff's said motions and will deny the same without prejudice.

Accordingly, it is hereby **ORDERED**

1.      Plaintiff's Motion to Compel Defendant Kmart to Respond to Plaintiff's

Second Demand For Production Fo [sic] Documents (Docket No. 96) is

**DENIED WITHOUT PREJUDICE**.

2.      Plaintiff's Motion to Compel Defendant to Supplement Response to

Discovery (Docket No. 98) is **DENIED WITHOUT PREJUDICE**.

ENTER:


Dated: August 25, 2009                     /s/ George W. Cannon, Jr.
                                           GEORGE W. CANNON, JR.
                                           U.S. MAGISTRATE JUDGE