| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

BRIDGET GRIFFIN,

                          Plaintiff,               1:05-cv-189

  v.

KMART CORPORATION,

                          Defendant,

  v.

SUNSHINE SHOPPING CENTER, INC.,

                          Third Party Defendant.

TO:   Lee J. Rohn, Esq.
        Wilfredo A. Geigel, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Reconsider Court's Order Dated August 25, 2009 (Docket No. 107). The time for filing a response has expired.

Plaintiff asserts that the Court erred in failing to consider counsel's certification regarding Defendant's refusal to sign the proposed joint stipulation that was included in Plaintiff's Notices of Motion.

The Court directs counsel's attention to the Memorandum, dated November 16, 2005, in reference to the undersigned's Practices and Procedures, specifically, where it states that "[n]otices of motions are entirely unnecessary." In view of the fact that Plaintiff provided the required certification, albeit not contained within the actual motion, the Court will grant the request for reconsideration.

With regard to Plaintiff's Motion to Compel Defendant Kmart to Respond to Plaintiff's Second Demand For Production Fo [sic] Documents (Docket No. 96), the Court will grant the motion and order Defendant to respond to Plaintiff's Second Demand for Production of Documents to the extent it has not already done so.

With regard to Plaintiff's Motion to Compel Defendant to Supplement Response to Discovery (Docket No. 98), the Court makes the following findings and conclusions:

**Interrogatory No. 1:** Defendant shall supplement its response with Angel Aviles' employer, job title, and length of time he held such position.

**Interrogatory Nos. 2 and 16:** Defendant has responded adequately to these interrogatories by identifying the document with sufficient specificity. No further response is necessary.

**Interrogatory No. 5:** Defendant has responded adequately to this interrogatory by identifying the document with sufficient specificity. No further response is necessary.

**Interrogatory No. 6:** Defendant has responded adequately to this interrogatory. No further response is necessary.

**Interrogatory No. 7:** Defendant has responded adequately to this interrogatory. No further response is necessary.

**Interrogatory No. 8:** Defendant has responded adequately to this interrogatory. No further response is necessary.

**Interrogatory No. 9:** Defendant has responded adequately to this interrogatory. No further response is necessary.

**Interrogatory Nos. 10-13:** Defendant has responded adequately to this interrogatory. No further response is necessary.

**Interrogatory No. 14:** Defendant has responded adequately to this interrogatory by identifying the document with specificity. No further response is necessary.

**Interrogatory No. 20:** Defendant shall supplement regarding substantially similar incidents involving slips and falls involving liquid fabric

          softener or similar substances on the sidewalk near the exit door.

**Interrogatory No. 22:** Defendant shall supplement with any currently known facts that support said affirmative defense.

**Demand Nos. 1-3 and 16:** Defendant has responded adequately to these demands. No further response is necessary.

**Demand Nos. 4-7 and 19:** Defendant has responded adequately to these demands. No further response is necessary.

**Demand Nos. 11, 17:** Defendant shall supplement regarding substantially similar incidents involving slips and falls involving liquid fabric softener or similar substances on the sidewalk near the exit door.

**Demand No. 15:** Defendant has responded adequately to this demand. No further response is necessary.

**Demand No. 20:** Defendant has responded adequately to this demand. No further response is necessary.

 Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Reconsider Court's Order Dated August 25, 2009 (Docket No. 107) is **GRANTED**.

2. Plaintiff's Motion to Compel Defendant Kmart to Respond to Plaintiff's Second Demand For Production Fo [sic] Documents (Docket No. 96) is **GRANTED.**

3. Defendant shall respond to Plaintiff's Second Demand for Production of Documents to the extent it has not already done so within ten (10) days from the date of entry of this order.

4. Plaintiff's Motion to Compel Defendant to Supplement Response to Discovery (Docket No. 98) is **GRANTED IN PART AND DENIED IN PART** as more particularly set forth hereinabove.

ENTER:

Dated: October 14, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE